Argued April 1; affirmed April 28, 1936

## HIXON *v.* HIXON

(56 P. (2d) 1149)

*Robert F. Maguire,* of Portland (Lyle McCroskey and Maguire, Shields & Morrison, all of Portland, on the brief), for appellant.

*James G. Wilson* and *John F. Reilly,* both of Portland, for respondent.

KELLY, J. On September 10, 1924, in Portland, Oregon, plaintiff and defendant were married to each other. On October 10, 1930, plaintiff caused a summons and a complaint to be served upon defendant in a suit in the superior court of the state of Washington, for Spokane county, of which county and state plaintiff and defendant were then residents. The complaint so served, among other things, alleged that defendant had insulted and humiliated plaintiff; that he had been cold and indifferent to her; that he had lost his love and affection for her; that he had left her and informed her that he was separating from her permanently; that defendant was possessed of large means and a large income; that plaintiff did not believe in divorce, believing that it was a moral wrong and would place upon the minor child of plaintiff and defendant a deep, ineradicable stigma, and that plaintiff could not then or ever consent to a divorce being had between plaintiff and defendant. The relief asked in said complaint was that plaintiff be given the custody and control of said minor child; and that defendant be required to make provision for the support of such minor child and plaintiff.

Said complaint was not filed in said court; but on the 18th day of November, 1930, plaintiff filed an amended complaint repeating the above quoted charges of marital delinquency and praying that the bonds of matrimony then existing between plaintiff and defendant be dissolved; that plaintiff be given the custody and control of said minor child; that defendant be required to make proper provision for the support of

plaintiff and said child and pay the costs of suit and attorney's fees. Plaintiff also prayed for general relief.

On the 26th day of November, 1930, the contract in suit was executed.

On the 11th day of December, 1930, said superior court of the state of Washington for Spokane county entered an interlocutory decree to the effect that plaintiff was entitled to a divorce from defendant, granting to plaintiff the custody of said minor child, directing defendant to pay to plaintiff, for the support and maintenance of said minor child, the sum of $250 per month, beginning the first day of January, 1931, and continuing until said minor child should become of the age of 13 years, and decreeing that from that time on defendant should pay to plaintiff, for the support and maintenance of said minor child, the sum of $350 per month until said minor child shall arrive at the age of 21 years, and further decreeing that, at the expiration of six months from the entry of said interlocutory decree, a final judgment, dissolving the bonds of matrimony between plaintiff and defendant, would be entered on motion of either party.

Upon motion of defendant on July 1, 1931, a final decree, dissolving the bonds of matrimony between plaintiff and defendant, was made and entered by said superior court of the state of Washington.

On September 21, 1932, defendant contracted a second marriage.

In addition to said monthly payments, the contract in suit provided for the payment by defendant to plaintiff of $50,000, and for the creation of a trust fund by defendant in the sum of $50,000 for the benefit of said daughter.

Defendant alleges that, after the service of said summons and complaint upon him, plaintiff, through her attorneys and agents, caused threats to be conveyed to defendant that, unless he acceded to plaintiff's demands for money and property, plaintiff would cause scandalous charges to be made against defendant and that she would charge him with the commission of adultery and adulterous conduct with divers women and thereby cause defendant and his family great mental distress and humiliation.

We think that defendant has failed to support this allegation with proof. The record discloses that the attorneys for the parties, plaintiff and defendant, discussed the nature of testimony which might be offered in case of a contest. Both sides indicated that the effluvium usually attendant upon a contest between an estranged marital couple would ensue. The defendant's attorney indicated that, as attorney for the defendant, he was possessed of ammunition similar to that said to be at the command of plaintiff's attorney. We think that no threat was made by either side against the other.

Defendant also alleges that the object of, and the consideration for, the execution of the contract in suit was an agreement to procure, and the procurement by plaintiff of a decree of divorce. We are impressed with the fact that defendant was desirous that a divorce be procured. His trustees instructed his attorney that the execution of the contract in suit was conditioned upon the entry of a decree of divorce. In this connection, it is of interest to note that the final decree of divorce was entered at defendant's instance, and that while, at least at the time of the trial in the circuit court, plaintiff had not again married, defendant contracted a second

marriage less than 14 months after the entry of the final decree of divorce.

The plaintiff testified that, subsequent to the service of summons and complaint for separate maintenance, plaintiff came to believe that defendant had been intimate with another woman, and thereupon changed her mind about the undesirability of a divorce. In other words, upon becoming convinced of her husband's infidelity, plaintiff concluded that she should procure a divorce instead of merely seeking an allowance for her support and that of the child. In this, plaintiff was corroborated by her father and the attorney who represented her in the Washington court. We think that collusion has not been proved. It is true that defendant's desire that a divorce be obtained was well known, but we think that such an attitude alone on defendant's part ought not to deprive plaintiff of her right to urge valid grounds for a divorce or her right to rely upon a contract settling the property rights of the parties. We think that at all times plaintiff relied upon her cause of suit, practiced no deception upon the court and employed no means of coercion. We find nothing to support defendant's claim that plaintiff threatens to oppress him with a multiplicity of actions. Plaintiff is entitled to enforce the terms of the contract in suit. Efforts so to do through action in court cannot be deemed oppressive.

We find no error in the findings and decree of the learned trial judge. The judgment and decree of the circuit court is affirmed.

CAMPBELL, C.J., and BELT and ROSSMAN, JJ., concur.